**DUANE MORRIS LLP**
By: James W. Carbin
744 Broad Street, Suite 1200
Newark, NJ 07102-3889
973.424.2000
Counsel for



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW & SUZANNE CO., INC., <br><br> Plaintiffs, <br><br> v. <br><br> AUSTRIAN AIRLINES, INTERLOGISTICA LTD, and EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., <br><br> Defendants. | JUDGE KOELTL <br><br> 07 CV 10613 (JGK) <br><br> COMPLAINT IN ADMIRALTY <br><br> ECF Case |

Plaintiffs, by their attorneys, Duane Morris LLP allege upon information and belief, as follows:

1. This civil action is within the original jurisdiction of this Court under 28 U.S.C. §1331 as Plaintiffs' claims arise from federal law and present a federal question.

2. This civil action is also within the original jurisdiction of this Court under 28 U.S.C. §1332 as the litigiously of the parties are diverse and the amount in controversy excessive of interest and costs exceeds $75,000.00.

3. At and during all the times hereinafter mentioned, Plaintiffs were a N.Y. Corporation with offices and a place of business at 570 Seventh Ave., New York, NY 10018.

4. At and during all the times hereinafter mentioned, Defendants are and now are engaged in business as common carriers of merchandise for hire.

5. At and during all the times hereinafter mentioned, Defendant Austrian Airline was a Austrian corporation headquartered in Austria, with an office and places of business at John F. Kennedy Airport, Bldg. 56 Terminal 1, Jamaica, NY 11430.

6. At and during all the times hereinafter mentioned, Defendant Interlogistica Ltd., was a Bulgarian corporation headquartered in Bulgaria, with an office and places of business at c/o Expeditors International of Washington, Inc., 245 Roger Ave., Inwood, NY 11096.

7. At and during all the times hereinafter mentioned, Defendant Expeditors International of Washington, Inc., was a Washington State corporation headquartered in Washington, with an office and places of business at 245 Roger Ave., Inwood, NY 11096.

8. This Court has personal jurisdiction over Defendants, by reason of Defendants' regular and systematic contacts with the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION- BREACH OF BAILMENT

9. Plaintiffs repeat, reiterate, and reallege Paragraphs "1" through "5" with the same force and effect as if fully set forth herein.

10. On or about October 2006 and at Sofia, Bulgaria there was shipped by the shipper therein named and delivered to Defendants, as common carriers and bailees, a shipment of garments then being in good order and condition, and Defendants then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment and there deliver the

same in like good order and condition as when shipped, delivered to, and received by them, to the Plaintiff.

11. Thereafter, Defendants failed to make delivery of the shipment in the same good order and condition as received in violation of Defendants' obligations and duties as a common carriers of merchandise for hire.

12. Plaintiff was the bailor of the subject shipment and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interest may ultimately appear, and Plaintiffs are entitled to maintain this action.

13. By reason of the premises, Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the amount of $225,000.

## AS AND FOR A SECOND CAUSE OF ACTION-BREACH OF CONTRACT

14. Plaintiffs repeat, reiterate, and reallege Paragraphs "1" through "10" with the same force and effect as if fully set forth herein.

15. On or about the date and at the place of shipment, Defendants received the shipment, pursuant to a contract of carriage, then being in good order and condition.

16. Thereafter, Defendants failed to preserve the property, the shipment and instead allowed the property to become damaged in violation of Defendants' contractual and/or implied-in-fact contractual obligations and duties.

17. Plaintiff was the shipper and owner of the subject shipment and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interest may ultimately appear, and Plaintiffs are entitled to maintain this action.

18. By reason of the premises, Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $225,000.

## AS AND FOR A THIRD CAUSE OF ACTION-NEGLIGENCE

19. Plaintiffs repeat, reiterate, and reallege Paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

20. On or about the date and at the place of shipment, Defendants received the shipment then being in good order and condition.

21. Thereafter, Defendants, by their negligence caused the shipment to become damaged in violation of Defendants' obligations and duties owed to Plaintiff.

22. Plaintiff was the shipper and owner of the subject shipment and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interest in the said shipments, as their respective interest may ultimately appear, and Plaintiffs are entitled to maintain this action.

23. By reason of the premises, Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $225,000.

**WHEREFORE,** Plaintiffs pray:

    a.    That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

    b.    That if Defendants cannot be found within this District, then all their property within this District as shall be attached in the sum of $225,000;

    c.    The judgment may be entered in favor of Plaintiffs against Defendants for the amount of Plaintiffs' damages in the amount of $225,000, together with interest and costs and the disbursements of this action; and

    d.    That this Court will grant to Plaintiffs such other and further relief as any be just and proper.

Dated: Newark, New Jersey
November 27, 2007

**DUANE MORRIS** LLP
A Delaware Limited Liability Partnership

By: _____
James W. Carbin (JC-5004)
744 Broad Street, Suite 1200
Newark, New Jersey 07102
(973) 424-2000
Attorney for Plaintiffs
Andrew & Suzanne Co., Inc.

DM1\1230685.1