# HARNIK WILKER & FINKELSTEIN LLP
### Attorneys at Law
Olympic Tower • 645 Fifth Avenue, 7th Floor • New York, New York 10022-5937
Phone: (212) 599-7575 • Fax: (212) 867-8120 • www.harnik.com
Email: office@harnik.com



RECEIVED
DEC 28 2007
CHAMBERS OF
JUDGE JOHN G. KOELTL

IRA A. FINKELSTEIN
STEPHEN M. HARNIK

Of Counsel
Henry O. Leichter
Stephen P.H. Rachlis
Joseph Termini
P. Jay Wilker

Lukas M. Stuhlpfarrer*
Christian Vorava**

\* MBA, LLM (not admitted)
\** LLM (awaiting admission)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/2008

December 27, 2007

VIA FACSIMILE
(212) 805-7912

Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street, Room 1030
New York, NY 10007-1312

*Time to move or answer extended to 2/1/08.*
*So ordered*
*1/3/08.  [signature] J. Koeltl*
*U.S.D.J.*

Re:  Andrew & Suzanne Co. Inc. v. Austrian Airlines et al.
     S.D.N.Y. 1:07-cv-10613-JGK

Dear Judge Koeltl:

My firm has been retained to represent Austrian Airlines ("Austrian") in the above-entitled action (copy of complaint enclosed) that was filed (and a summons issued) on November 27, 2007. With much regret, I am compelled to request that the Court issue an order granting Austrian an extension of 30 days within which to move or answer with respect to the Complaint. I have attempted to resolve this matter amicably with plaintiff's counsel, but unfortunately they have not been cooperative (saying that they cannot take any action during the vacation of the attorney on the file).

I received a copy of the summons and complaint from Austrian this morning. I have not been able to reach anyone at Austrian knowledgeable about this case, which solely involves a money damage claim $225,000 for ladies' clothing allegedly lost or stolen while in transit from Bulgaria to the United States in 2006. The file I received from the client contains no indication of when the client was served with (or otherwise

**HARNIK WILKER & FINKELSTEIN LLP**

Honorable John J. Koeltl, U.S.D.J.
December 27, 2007
Page 2 of 3

received) the summons and complaint. Since I was concerned that the time to respond may be about to expire (or possibly may already have expired), I attempted to reach by telephone plaintiff's attorney of record, James W. Carbin of Duane Morris, LLP. Mr. Carbin is on vacation and his voice mail referred me to Adam G. Kominsky, Esq. of his office. I telephoned Mr. Kominsky to find out when and how Austrian was served, and to request a courtesy extension of 30 days to respond to the complaint.

Mr. Kominsky said that he was unable to advise me when service was made. After some discussion he raised the possibility of granting a 20 day extension in exchange for Austrian waiving any and all objections to service (if indeed proper service was made), as well as any statutes of limitations applicable to the claims (which of course I am unprepared to do without even having the opportunity to speak to the client). I also pointed out to Mr. Kominsky that even if we agreed to this unreasonable condition, a period of only 20 days would give us scant time to act given the fact that the European holiday extends through January 6, 2008, during which time the executive employees most knowledgeable about this claim and of the files may not be available.

I am annexing a copy of my letter to Mr. Kominsky sent earlier today formally requesting the extension.

At approximately 5 p.m. this evening, I received a responsive letter from Mr. Kominsky, the relevant portion of which states tersely: "Mr. Carbin is on vacation and is the only attorney who is authorized to act on or has knowledge of the captioned file."

I find myself therefore in the unusual situation of entering a holiday weekend (with the Court being closed on Monday), being concerned whether Austrian's time to respond to the complaint will expire. In any event, granting a first-time 30 day extension of time to respond to a complaint in a money-damages breach of contract of transit case ought to be considered a common courtesy, even to a Scrooge.

Accordingly, I respectfully request that the Court enter an Order granting Austrian thirty (30) days from the date of the Order (and since we have no information regarding date of service if made, *nunc pro tunc*) within which to answer or move with respect to the complaint herein. Austrian agrees that such extension will be without prejudice to any rights of the plaintiff during the time that the extension is in effect.

HARNIK WILKER & FINKELSTEIN LLP

Honorable John J. Koeltl, U.S.D.J.
December 27, 2007
Page 3 of 3

Thank you for your consideration of this request, which is reluctantly made.

Respectfully submitted,

Ira A. Finkelstein
finkelstein@harnik.com

Enclosures

Cc: Adam G. Kominsky (via simultaneous facsimile).