HARNIK WILKER & FINKELSTEIN LLP
Ira A. Finkelstein (IF 0827)
Stephen M. Harnik (SH 9889)
Olympic Tower
645 Fifth Avenue
Suite 703
New York, New York 10022-5937
(212) 599-7575
finkelstein@harnik.com
Stephen@harnik.com

Attorneys for Defendant
Austrian Airlines

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW & SUZANNE CO., INC., | ) |
| Plaintiff, | ) 07 cv 10613 (JGK) (ECF Case) |
| vs. | ) ANSWER OF DEFENDANT |
| AUSTRIAN AIRLINES, INTERLOGISTICA LTD., AND EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., | ) AUSTRIAN AIRLINES |
| Defendants. | ) |

Defendant Austrian Airlines ("Austrian") by its attorneys, Harnik Wilker and Finkelstein LLP, alleges upon information and belief unless otherwise stated as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 4 of the Complaint.

5.      Admits that Austrian is a foreign corporation organized and existing under the laws of Austria and has an office at JFK International Airport, Jamaica, New York.

6.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of the Complaint, except that Austrian is authorized to conduct business in the State of New York.

## AS TO THE FIRST CAUSE OF ACTION

9.      Repeats and realleges the allegations Paragraphs 1 through 8 hereof with the same force and affect as if fully set forth herein.

10.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 10 of the Complaint, except denies that it acted as a bailee, denies that it had any contractual or other relationship with the plaintiff, and denies that it had any relationship with the plaintiff whereby Austrian agreed to ship or deliver any goods to the plaintiff as alleged in such Paragraph 10.

11.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 11 of the Complaint, except denies that it had any obligations, whether express or implied, to the plaintiff, denies that it had any agreement whether

express or implied to deliver any goods to the plaintiff, and denies that it acted other than in full accord with any obligations and/or duties it had or may have had as a common carrier.

12.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 12 of the Complaint, except denies that Austrian had any bailor or bailee relationship, directly or indirectly, with the plaintiff, and denies that plaintiff has standing or is otherwise entitled to bring and maintain this action against Austrian.

13.     Denies the allegations contained in paragraph 13 of the Complaint as to Austrian.

## AS TO THE SECOND CAUSE OF ACTION

14.     Repeats and realleges the allegations Paragraphs 1 through 13 hereof with the same force and affect as if fully set forth herein.

15.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 15 of the Complaint.

16.      Denies the allegations contained in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 17 of the Complaint, except that Austrian denies that it has or had any contractual relationship with the Plaintiff whether express or implied-in fact, direct or indirect, and denies that Austrian breached any contractual obligation, whether express or implied-in-fact, which it may have had with the plaintiff.

18.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 18 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION

19.     Repeats and realleges the allegations Paragraphs 1 through 18 hereof with the same force and affect as if fully set forth herein.

20. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint as to Austrian, and denies that Austrian acted in any negligent manner.

22. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 22 of the Complaint, except denies that Austrian had any contractual relationship, express or implied, direct or indirect, with the plaintiff, and denies that plaintiff has standing or is otherwise entitled to bring and maintain this action against Austrian.

23. Denies the allegations contained in paragraph 23 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24. This Court lacks jurisdiction over the subject matter of this action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

25. The Complaint fails to state a claim against Austrian upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

26. Plaintiff lacks standing to initiate and maintain this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

27. Any damages allegedly suffered by the plaintiff herein resulted from the acts and/or omissions of third parties for whose conduct Austrian is not responsible.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28. Any transportation to which the subject matter of this action may have arisen was "international transportation" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, on 12 October 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted at 49 U.S.C. § 40105 (1997) and/or as amended by the Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air Signed at Warsaw 12 October 1929, 478 U.N.T.S. 371, ICAO Doc. 7686-LC/140 (signed at The Hague, NE 28 September 1955 and entered into force 1 August 1963) (hereinafter collectively referred to as the "Warsaw Convention."); and/or a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal, CA on 28 May 1999, (entered into force on November 4, 2003) reprinted in S. Treaty Doc. No. 10-6-45, 1999 WL 3329 2734 (2000) (the "Montreal Convention").

29. Any shipments referred to in the Complaint were subject to one or more air waybills subject to the Warsaw Convention and/or the Montreal Convention.

30. The rights, duties and obligations of the parties herein are governed and controlled by the terms and provisions of the Warsaw Convention and/or the Montreal Convention and by Austrian's "General Conditions of Carriage for cargo other than priority cargo" (hereinafter

referred to as "Conditions of Carriage") as incorporated by such waybills, and which are incorporated herein by reference.

31.     Any shipments referred to in the Complaint were expressly subject to and governed by the Conditions of Carriage.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32.     Pursuant to the Warsaw Convention and/or the Montreal Convention and/or the Conditions of Carriage, plaintiff lacks standing to initiate and maintain this action as against Austrian.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33.     Pursuant to the Conditions of Carriage, this action may not be maintained by the plaintiff against Austrian by reason of lack of privity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

34.     Pursuant to Article 20 of the Warsaw Convention, Austrian is not liable to plaintiff because Austrian, through its officers, agents and employees, took all necessary measures to avoid any loss described in the Complaint, or because it was impossible for Austrian, through its officers, agents and employees, to take such measures.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

35.     As incorporated by the Conditions of Carriage, pursuant to Article 22 of the Warsaw Convention, the liability of Austrian, if any, is limited to an aggregate sum not in excess of $9.07

per pound, or $20 per kilogram of cargo lost or damaged by Austrian or, alternatively, if the Montreal Convention applies, 17 Special Drawing Rights International Monetary Fund ("SDRs") per kilogram of cargo; or alternatively, by the limitations of liability set forth in the Conditions of Carriage.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

36. Under Article 12 of the Conditions of Carriage, Austrian has no liability to the plaintiff or to any other person for any loss, damage or delay unless a written notice of claim concerning such loss, damage or delay is filed with Austrian within the applicable time limit.

37. Upon information and belief, no proper written notice of claim concerning loss, damage or delay with respect to the shipment that is the subject matter of this action was filed with Austrian within the applicable time limit as set forth in the Conditions of Carriage.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

38. Under the applicable provisions of the Conditions of Carriage, Austrian has no liability to the plaintiff or to any person for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the culpable negligent conduct of Austrian as defined therein..

39. Upon information and belief, Austrian is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the Conditions of Carriage.

40. Any alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of Austrian.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

41.     Under the Conditions of Carriage, Austrian has no liability to the plaintiff or to any other person for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or any other actions on the part of the plaintiff or any other person, including but not limited to failure to insure the goods for any amount in excess of the amount(s) as limited by the Warsaw Convention, the Montreal Convention and/or the Conditions of Carriage.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

42.     Under the applicable Conditions of Carriage, Austrian's liability to any party is limited to the limited amount stipulated by the Conditions of Carriage.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

43.     Plaintiff failed to mitigate any damages it may have suffered, if any, and is therefore barred from recovering any such damages from Austrian.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

44.     Pursuant to the provisions of the Conditions of Carriage, Austrian is not liable for any consequential damages or losses allegedly sustained by any party herein.

AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

45. The alleged damages were caused or brought about by an intervening and superseding cause and were not caused by Austrian or by a person for whom Austrian is responsible.

NOTICE OF APPLICABILITY OF FOREIGN LAW

46. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Austrian hereby gives notice that it may raise issues concerning the law of a foreign country.

WHEREFORE, AUSTRIAN AIRLINES, demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing Affirmative Defenses, together with costs and disbursements and such other and further relief which this Court may deem just and proper under the circumstances.

Dated: New York, New York
       January 31, 2008

HARNIK WILKER & FINKELSTEIN LLP

By ____/s/_____
    Ira A. Finkelstein (IF 0827)
    A Member of the Firm

Olympic Tower
645 Fifth Avenue
Suite 703
New York, New York 10022-5937
(212) 599-7575

Attorneys for Defendant
Austrian Airlines

TO:

James W. Carbin, Esq.
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ 07102-3889
(973) 424-2000

Counsel for Plaintiff