BADIAK & WILL, LLP
Attorneys for Defendants
EXPEDITORS INTERNATIONAL
OF WASHINGTON, INC., and
INTERLOGISTICA, LTD.
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 08-T-002-JK & 08-T-003-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANDREW & SUZANNE CO., INC.,

            Plaintiff,

-against-

AUSTRIAN AIRLINES, INTERLOGISTICA, LTD., and
EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.;

            Defendants.
------------------------------------------------------------------x

**ECF CASE**

**07 CV 10613 (JGK)(MHD)**

**ANSWER WITH CROSSCLAIM**

Defendants, EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. and INTERLOGISTICA, LTD., ("hereinafter collectively referred to as "Expeditors"), by their attorneys, BADIAK & WILL, LLP, answer plaintiff's complaint, upon information and belief, as follows:

    1. Denies knowledge or information sufficient to form a belief to the allegation contained in paragraph "1" of plaintiff's complaint.

    2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of plaintiff's complaint.

    3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the plaintiff's complaint.

4. Denies that Expeditors were acting as a common carrier of merchandise for hire with respect to the shipments described in the plaintiff's complaint; except as so admitted, denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "4" of the plaintiff's complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the plaintiff's complaint.

6. Admits that Interlogistica, Ltd., was headquartered in Bulgaria; except as specifically admitted, denies the remainder of the allegations contained in paragraph "6" of the plaintiff's complaint.

7. Admits the allegations in paragraph "7" of the plaintiff's complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "8" of the plaintiff's complaint.

## AS TO THE FIRST CAUSE OF ACTION

9. Repeats and realleges the allegations contained in paragraphs "1." through "8." herein with the same force and effect as if fully set forth at length herein as to the allegations contained in paragraph 9 of the plaintiff's complaint.

10. Admits that the subject shipments were tendered to defendant Austrian Airlines for shipment from Sofia to New York, via London in October of 2006; except as so admitted, denies the remainder of the allegations contained in paragraph 10 of the plaintiff's complaint as to the answering defendants.

11. Denies the allegations contained in paragraph 11 of the plaintiff's complaint as to the answering defendants.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the plaintiff's complaint.

13. Denies the allegations contained in paragraph 13 of the plaintiff's complaint as to the answering defendants.

## AS TO THE SECOND CAUSE OF ACTION

14. Repeats and realleges the allegations contained in paragraphs "1." through "10." herein with the same force and effect as if fully set forth at length herein as to the allegations contained in paragraph 14 of the plaintiff's complaint.

15. Denies the allegations contained in paragraph 15 of the plaintiff's complaint as to the answering defendants.

16. Denies the allegations contained in paragraph 16 of the plaintiff's complaint as to the answering defendants.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the plaintiff's complaint.

18. Denies the allegations contained in paragraph 18 of the plaintiff's complaint as to the answering defendants.

## AS TO THE THIRD CAUSE OF ACTION

19. Repeats and realleges the allegations contained in paragraphs "1." through "10." herein with the same force and effect as if fully set forth at length herein as to the allegations contained in paragraph 19 of the plaintiff's complaint.

20. Denies the allegations contained in paragraph 20 of the plaintiff's complaint as to the answering defendants.

21. Denies the allegations contained in paragraph 21 of the plaintiff's complaint as to the answering defendants.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the plaintiff's complaint.

23. Denies the allegations contained in paragraph 23 of the plaintiff's complaint as to the answering defendants.

## FIRST AFFIRMATIVE DEFENSE

24. In the event that the plaintiff had not or has not any title or interest in the shipment that is the subject matter of this action, then the plaintiff is not the real party in interest and is not entitled to maintain this suit.

## SECOND AFFIRMATIVE DEFENSE

25. If the shipment referred to in the complaint suffered any damage, loss or delay, such loss or delay was caused by parties over which the answering defendants had no control.

## THIRD AFFIRMATIVE DEFENSE

26. Defendants Expeditors were at all material times acting as a forwarders and not as common carriers of merchandise by hire, and said actions were pursuant to express Dutch Forwarder's Conditions contained in the Forwarder's House Air Waybill issued for and covering the shipments described by plaintiff in the complaint, and Defendants Expeditors duly performed the terms and conditions on its part to be performed under the aforementioned Forwarder's House Air Waybill or other contracts, bills of lading, tariffs and/or applicable regulations, statutes or treaties which bar recovery against the answering Defendants for the matters alleged in plaintiff's complaint.

## FOURTH AFFIRMATIVE DEFENSE

27. Defendants Expeditors' liability, if any, is limited in accordance with the applicable Forwarder's House Air Waybill and/or other contracts, air waybills, tariffs and/or applicable regulations, statutes or treaties.

## FIFTH AFFIRMATIVE DEFENSE

28. To the extent that plaintiff failed to meet the minimum filing requirement of filing a proper written claim within the times prescribed, this lawsuit is time barred.

## SIXTH AFFIRMATIVE DEFENSE

29. To the extent that plaintiff failed to file suit within the time period prescribed, this lawsuit is time barred.

## SEVENTH AFFIRMATIVE DEFENSE

30. The applicable Forwarder's House Air Waybill or other contracts, bills of lading, tariffs and/or applicable regulations, statutes and treaties do not contemplate responsibility for special or consequential damages. To the extent that plaintiff seeks recovery for special or consequential damages, the answering defendants are not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

31. Plaintiff failed to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

32. The alleged damage did not occur while the shipment was in the custody or control of the answering defendants.

## TENTH AFFIRMATIVE DEFENSE

33. If the shipment was lost or damaged, the loss or damage was caused in whole or in part by the negligence of plaintiff, plaintiff's agents, co-defendants, co-defendant's

agents or other parties over which these answering defendants had no control and for whose negligence these answering defendants are not responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

34. The complaint fails to state a cause of action for which relief can be granted against these answering defendants.

### AS AND FOR IT'S CROSS-CLAIM AGAINST AUSTRIAN AIRLINES

35. That if the answering defendants Expeditors are held liable to the plaintiff herein for any loss, damage or delay, such liability on the part of Expeditors shall have been caused by or brought about by the acts and/or omissions of co-defendant Austrian Airlines and, in that event, Expeditors shall be entitled to be indemnified and held harmless by Austrian Airlines for all amounts, including attorney's fees.

### AS AND FOR IT'S SECOND CROSS-CLAIM AGAINST AUSTRIAN AIRLINES

36. That if the answering defendants Expeditors are held liable to the plaintiff herein, then, in that event, Expeditors are entitled to contribution from co-defendant Austrian Airlines in an amount corresponding to the proportion of fault on the part of Austrian Airlines towards the payment of any judgment which may be entered in favor of the plaintiff herein.

### AS AND FOR IT'S THIRD CROSS-CLAIM AGAINST AUSTRIAN AIRLINES

37. Defendant, EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., is and was at all times hereinafter mentioned a corporation organized and existing under and

by virtue of the laws of the states of the United States with an office and place of business at 245 Roger Avenue, Inwood, New York 11096.

38. Defendant, Interlogistica, is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 22, Sofia Str., 9000 Varna, Bulgaria.

39. At all material times, Defendant Austrian Airlines was a corporation or other business entity with an office and place of business at John F. Kennedy Airport, Building 56, Terminal 1, Jamaica, New York 11430, and was, at all material times, acting as an air carrier by air engaged in the transportation of goods for hire.

40. All and singular the following premises are true and constitutes claims within this Honorable Court's Federal Question subject matter jurisdiction as the claim arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments thereto.

41. On or before October 27, 2006, Interlogistica, Ltd., as freight forwarder and agent for the actual shipper, Albena Style AD, delivered or caused to be delivered to defendant Austrian Airlines, at Sofia, Bulgaria, a shipment consisting of 159 cartons of coats, for carriage from Sofia, Bulgaria, to New York, via London, England, pursuant to an airway bill issued by defendant Austrian Airlines numbered 257-4606-6016, dated

October 27, 2006 and a further shipment of 146 cartons of coats, for carriage from Sofia, Bulgaria, to New York, via London, England, pursuant to an airway bill issued by defendant Austrian Airlines numbered 257-4606-6020, dated October 27, 2006

42. The two aforementioned shipments when delivered to and received by defendant Austrian Airlines in Sofia, Bulgaria, were received in full and in good order and condition.

43. Defendant Austrian Airlines delivered the shipments under the aforementioned airway bills at the airport of destination with a shortage and loss, having failed to properly care for the shipments while in it's custody and control, in breach of it's duties as a common carrier of goods by air for hire.

44. As a proximate result of defendant Austrian Airlines' breach of their aforementioned contracts of air carriage, Defendants Expeditors and Interlogistica, have been named as defendants herein by plaintiff and claims have been alleged against Defendants Expeditors and Interlogistica by plaintiff for the alleged shortages and loss alleged to have been suffered by the two aforementioned shipments while in the care, custody and control of defendant Austrian Airlines, or Austrian Airlines' agents and employees.

45. Defendants Interlogistica and Expeditors, as shippers and consignees, respectively, under the airwaybill issued by defendant Austrian Airlines, have performed all conditions required on their part to be performed pursuant to the terms and conditions of

- 8 -

the aforesaid contracts of air carriage issued by Austrian Airlines, including a timely written notice of claim.

46. Accordingly, Defendants Interlogistica and Expeditors are entitled to bring this action as a Cross-claim and are entitled to maintain this action against the defendant Austrian Airlines for the shortages and losses sustained to the subject shipments to the extent either or both Defendant Interlogistica and Expeditors are made legally responsible for the plaintiffs claims on either or both shipments in this action and to have judgment against defendant Austrian Airlines for any amounts defendants Interlogistica and/or Expeditors may be held liable for the damages claimed by plaintiff herein.

## AS AND FOR ITS FOURTH CROSS-CLAIM AGAINST AUSTRIAN AIRLINES

47. Defendants Expeditors and Interlogistica repeats and reallege each and every allegation contained in paragraphs "37." through "46", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

48. Defendant Austrian Airlines failed to exercise reasonable care in the handling and transit of the foregoing shipments. As a proximate result of defendant Austrian Airline's failure to exercise reasonable care, all without negligence or fault on the part of the plaintiff, shipper or consignee, and the co-defendants Expeditors and Interlogistica, claims have been alleged against Defendants Expeditors and/or Interlogistica by plaintiff for the alleged shortages and loss alleged to have been suffered by the two aforementioned

shipments while in the care, custody and control of defendant Austrian Airlines, or Austrian Airlines' agents and employees.

49. Accordingly, Defendants Interlogistica and Expeditors are entitled to bring this action as a Cross-claim and are entitled to maintain this action against the defendant Austrian Airlines for the shortages and losses sustained to the subject shipments to the extent either or both Defendant Interlogistica and/or Expeditors are made legally responsible for the plaintiffs claims on either or both shipments in this action while in the case, custody and control of defendant Austrian Airlines, and to have judgment against defendant Austrian Airlines for any amounts defendants Interlogistica and/or Expeditors may be held liable for the damages claimed by plaintiff herein.

## AS AND FOR ITS FIFTH CROSS-CLAIM AGAINST AUSTRIAN AIRLINES

50. Defendants Expeditors and Interlogistica repeats and reallege each and every allegation contained in paragraphs "37." through "49", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

51. The loss and damage to the aforementioned shipment was the direct and proximate result of defendant Austrian Airlines's reckless disregard for the safety of the shipment and/or willful misconduct and/or the reckless disregard for the safety of the shipment and/or willful misconduct on the part of an agent and/or employee of defendant Austrian Airline acting within the scope of their employment and claims have been alleged against Defendants Expeditors and Interlogistica by plaintiff for the alleged shortages and

loss alleged to have been suffered by the two aforementioned shipments while in the care, custody and control of defendant Austrian Airlines, or Austrian Airlines' agents and employees.

52. Accordingly, Defendants Interlogistica and Expeditors are entitled to bring this action as a Cross-claim and are entitled to maintain this action against the defendant Austrian Airlines for the shortages and losses sustained to the subject shipments to the extent either or both Defendant Interlogistica and/or Expeditors are made legally responsible for the plaintiffs claims on either or both shipments in this action while in the case, custody and control of defendant Austrian Airlines, and to have judgment against defendant Austrian Airlines for any amounts defendants Interlogistica and/or Expeditors may be held liable for the damages claimed by plaintiff herein.

**WHEREFORE,** defendants, EXPEDITORS INTERNATIONAL OF WASHINGTION, INC., and INTERLOGISTICA, LTD., demand judgment dismissing the Complaint in its entirety as against the answering defendants or, alternatively, judgment limiting the liability of the answering defendants pursuant to the foregoing, and for judgement in favor of the answering defendants and against Defendant Austrian Airlines on the First, Second, Third, Fourth and Fifth Cross-Claims, together with costs and disbursements of defending the within action and all other relief which to this Court may seem just and proper in the circumstances.

DATED:     Mineola, New York
           February 29, 2008

Yours, etc.,
BADIAK & WILL, LLP

By: _____
JAMES P. KRAUZLIS (JK-4972)
Attorneys for Defendants
EXPEDITORS INTERNATIONAL OF
WASHINGTION, INC. and
INTERLOGISTICA, LTD.
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 08-T-002-JK & 08-T-003-JK


TO:   DUANE MORRIS LLP
      Attn: James W. Carbin, Esq.
      Attorneys for Plaintiff
      744 Broad Street
      Suite 1200
      Newark, New Jersey 07102-3889

      HARNIK WILKER & FINKELSTEIN LLLP
      Attn: Ira A. Finkelstein, Esq.
      Attorneys for Defendant
      Austrian Airlines
      Olympic Tower
      645 Fifth Avenue, Suite 703
      New York, New York 1002-5037

07 CV 10613 (JGK)(MHD)

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF NASSAU     )

**I, Luz M. Webb,** being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside c/o Badiak & Will, LLP, 106 Third Street, Mineola, New York 11501-4404. On February 29, 2008, I served the within ANSWER on:

DUANE MORRIS, LLP
Attn: James W. Carbin, Esq.
Attorneys for Plaintiff
744 Broad Street, Suite 1200
Newark, New Jersey 07102-3889

HARNIK WILKER & FINKELSTEIN, LLP
Attn: Ira A. Finkelstein, Esq.
Attorneys for Defendant - AUSTRIAN AIRLINES
Olympic Tower
645 Fifth Avenue, Suite 703
New York, New York 10022-5937

By depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

_____
LUZ M. WEBB

Sworn to before me this
29th Day of February, 2008

_____
NOTARY PUBLIC
JAMES P. KRAUZLIS
Notary Public, State of New York
No. 02KR5051531
Qualified in Suffolk County
Commission Expires Nov. 8, ___
1/11/2010