HARNIK WILKER & FINKELSTEIN LLP
Ira A. Finkelstein (IF 0827)
Stephen M. Harnik (SH 9889)
Olympic Tower
645 Fifth Avenue
Suite 703
New York, New York 10022-5937
(212) 599-7575
finkelstein@harnik.com
Stephen@harnik.com

ATTORNEYS FOR DEFENDANT
AUSTRIAN AIRLINES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW & SUZANNE CO., INC.,<br><br>Plaintiff,<br><br>vs.<br><br>AUSTRIAN AIRLINES, INTERLOGISTICA LTD., AND EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,<br><br>Defendants. | 07 cv 10613 (JGK) (MHD) (ECF Case)<br><br>**ANSWER TO CROSS-CLAIMS OF (WITH CROSS-CLAIMS AGAINST) INTERLOGISTICA LTD. AND EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.** |

Defendant Austrian Airlines ("Austrian") by its attorneys, Harnik Wilker and Finkelstein LLP, responding to the Answer with Cross-claim(s) ("AWC") of defendants Interlogistica Ltd. ("Interlogistica") and Expeditors International of Washington, Inc., (together, the "Co-defendants") alleges upon information and belief unless otherwise stated as follows:

**AS AND FOR ITS ANSWER TO CO-DEFENDANTS' FIRST CROSS-CLAIM**

1. Denies the allegations contained in paragraph 35 of the AWC.

**AS AND FOR ITS ANSWER TO CO-DEFENDANTS' SECOND CROSS-CLAIM**

2. Repeats and realleges the allegations of paragraph 1 with the same force and affect as if fully set forth herein.

3. Denies the allegations contained in paragraph 36 of the AWC.

## AS AND FOR ITS ANSWER TO CO-DEFENDANTS' THIRD CROSS-CLAIM

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the AWC.

5. Admits, upon information and belief, the allegations contained in paragraph 38 of the AWC.

6. Admits that Austrian is a foreign corporation organized and existing under the laws of Austria and has an office at JFK International Airport, Jamaica, New York, and acts from time to time as an air carrier engaged in the transportation of goods for hire, and denies the remaining allegations of paragraph 39 of the AWC.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the AWC.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the AWC, except admits that at all relevant times Interlogistica acted as agent and freight forwarder for the shipper, Albena Style AD, and denies the allegation that Interlogistica delivered or caused to be delivered any of the goods to Austrian at Sofia, Bulgaria for carriage.

9. With respect to the allegations of paragraph 42 of the AWC, denies that the goods were delivered to and received by Austrian in Sofia, Bulgaria, and denies that when the goods were ultimately delivered to and received by Austrian in England they were complete and in good order.

10. Denies the allegations contained in paragraph 43 of the AWC.

11. Denies the allegations contained in paragraph 44 of the AWC.

12.     Denies the allegations contained in paragraph 45 of the AWC.

13.     Denies the allegations contained in paragraph 46 of the AWC.

## AS AND FOR ITS ANSWER TO CO-DEFENDANTS' FOURTH CROSS-CLAIM

14.     Repeats and realleges the allegations of paragraphs 1 through 13 hereof with the same force and affect as if fully set forth herein.

15.     Denies the allegations contained in paragraph 48 of the AWC.

16.     Denies the allegations contained in paragraph 49 of the AWC.

## AS AND FOR ITS ANSWER TO CO-DEFENDANTS' FIFTH CROSS-CLAIM

17.     Repeats and realleges the allegations of paragraphs 1 through 16 hereof with the same force and affect as if fully set forth herein.

18.     Denies the allegations contained in paragraph 51 of the AWC.

19.     Denies the allegations contained in paragraph 52 of the AWC.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20.     This Court lacks jurisdiction over the subject matter of this action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21.     The Cross-claims fail to state a claim against Austrian upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22.     Cross-claimants lack standing to initiate and maintain their claims.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. Any damages allegedly suffered by the Cross-claimants herein resulted from the acts and/or omissions of the Cross-claimants and/or of third parties for whose conduct Austrian is not responsible.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. Part of the transportation to which the subject matter of this action arises was "international transportation" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, on 12 October 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted at 49 U.S.C. § 40105 (1997) and/or as amended by the Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air Signed at Warsaw 12 October 1929, 478 U.N.T.S. 371, ICAO Doc. 7686-LC/140 (signed at The Hague, NE 28 September 1955 and entered into force 1 August 1963) (hereinafter collectively referred to as the "Warsaw Convention."); and/or a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal, CA on 28 May 1999, (entered into force on November 4, 2003) reprinted in S. Treaty Doc. No. 10-6-45, 1999 WL 3329 2734 (2000) (the "Montreal Convention").

25. Shipments referred to in the Complaint were at certain times and in certain places subject to one or more air waybills subject to the Warsaw Convention and/or the Montreal Convention.

26. The rights, duties and obligations of the parties herein may therefore be governed and controlled by the terms and provisions of the Warsaw Convention and/or the Montreal Convention and by Austrian's "General Conditions of Carriage for cargo other than priority

cargo" (hereinafter referred to as "Conditions of Carriage") as incorporated by such waybills, and which are incorporated herein by reference.

27.   Any shipments referred to in the Complaint were expressly subject to and governed by the Conditions of Carriage, certain of the provisions of which apply herein in the event that neither the Warsaw Convention nor the Montreal Convention apply to this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28.   Pursuant to Article 20 of the Warsaw Convention, Austrian is not liable to Cross-claimants because Austrian, through its officers, agents and employees, took all necessary measures to avoid any loss described in the Complaint, or because it was impossible for Austrian, through its officers, agents and employees, to take such measures.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

29.   As incorporated by the Conditions of Carriage, pursuant to Article 22 of the Warsaw Convention, the liability of Austrian, if any, is limited to an aggregate sum not in excess of $9.07 per pound, or $20 per kilogram of cargo lost or damaged by Austrian or, alternatively, if the Montreal Convention applies, 17 Special Drawing Rights International Monetary Fund ("SDRs") per kilogram of cargo; or alternatively, by the limitations of liability set forth in the Conditions of Carriage.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

30.   Under Article 12 of the Conditions of Carriage, Austrian has no liability to the Plaintiff, Cross-claimants, or to any other person for any loss, damage or delay unless a written notice of claim concerning such loss, damage or delay is filed with Austrian within the applicable time limit.

31. Upon information and belief, no proper written notice of claim concerning loss, damage or delay with respect to the shipment that is the subject matter of this action was filed with Austrian within the applicable time limit as set forth in the Conditions of Carriage.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

32. Under the applicable provisions of the Conditions of Carriage, Austrian has no liability to the Plaintiff, the Cross-claimants or to any person for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the culpable negligent conduct of Austrian as defined therein.

33. Upon information and belief, Austrian is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the Conditions of Carriage.

34. Any alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of Austrian.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35. Under the Conditions of Carriage, Austrian has no liability to the Plaintiff, any Cross-claimant or to any other person for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or any other actions on the part of the Plaintiff, the Cross-claimants or any other persons, including but not limited to failure to insure the goods for any amount in excess of the amount(s) as limited by the Warsaw Convention, the Montreal Convention and/or the Conditions of Carriage, whichever might be applicable.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

36.     Under the applicable Conditions of Carriage, Austrian's liability to the Plaintiff, the Cross-claimants, or to any other party is limited to the limited amount stipulated by the Conditions of Carriage.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

37.     Cross-claimants failed to mitigate any damages they may have suffered, if any, and are therefore barred from recovering any such damages from Austrian.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

38.     Pursuant to the provisions of the Conditions of Carriage, Austrian is not liable for any consequential damages or losses allegedly sustained by any party to this action.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

39.     Any alleged damages were caused or brought about by an intervening and superseding cause and were not caused by Austrian or by a person for whom Austrian is responsible.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

40.     The alleged damages did not occur while the shipment was in the custody or under the control of Austrian.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS

41.     If Austrian is held liable to the Plaintiff herein for any loss, damage or delay, such liability on the part of Austrian shall have been caused by or brought about by the acts and/or omissions of one or both of the Co-defendants herein and, in that event, Austrian shall be entitled to be indemnified and held harmless by Co-defendants for all amounts, including costs and attorney's fees.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS

42.     If Austrian is held liable to the Plaintiff herein, then, in that event, Austrian is entitled to contribution from Co-defendants in an amount corresponding to the proportion of fault on the part of Co-defendants towards the payment of any judgment which may be entered in favor of the Plaintiff herein.

## AS AND FOR A THIRD CROSS-CLAIM
## (AGAINST CO-DEFENDANT INTERLOGISTICA)

43.     Upon information and belief, Defendant, Interlogistica, is and was (as it alleges in Paragraph 38 of its "Answer with Crossclaim" dated February 29, 2008) at all relevant times a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 22, Sofia Str., 9000 Varna, Bulgaria.

44.     Upon information and belief, on or about October 26, 2006, Interlogistica, acting as agent and freight forwarder for the shipper, Albena Style AD, contracted with, and issued an Order with specifications for Car Transport to England to, a trucking company named Prometei Ltd., with offices in Pleven, Bulgaria (the "Order").

45.     Upon information and belief, the Order called for Prometei to pick up the goods identified in the Complaint in this action directly from the shipper, Albena Style, at Albena's facility in Dobrich, Bulgaria, and transport them by truck directly to a cargo facility maintained by Austrian, as Consignee designated in the Order, at London Heathrow Airport, for air transport to JFK International Airport in New York.

46.     Interlogistica, as shipper's agent and as freight forwarder, and by unilaterally issuing the Order and unilaterally setting the specifications of carriage directly with Prometei, undertook

full responsibility for the secure, safe and timely carriage of the goods by truck from Albena's site in Dobrich, Bulgaria to Austrian's cargo facility at London Heathrow.

47.  Upon information and belief, a portion of the goods identified in the complaint herein were reported as stolen from the Prometei truck during the time the truck was en route from Albena's facility in Dobrich, Bulgaria, and before it ever reached Austrian's cargo facility at London Heathrow.

48.  Upon information and belief, certain of the packing material of the goods was allegedly damaged during the time they were en route on the Prometei truck from Bulgaria to Austrian's cargo facility at London Heathrow.

49.  The alleged loss, damage to and delay of the aforementioned shipment was the direct and proximate result of negligence and lack of due care, and/or reckless disregard for the safety and timeliness of the shipment or willful misconduct on the part of Interlogistica or an agent of Interlogistica and/or an employee of Interlogistica acting within the scope of his or her employment.

50.  If Austrian is held liable to the Plaintiff herein for any loss, damage or delay, such liability on the part of Austrian shall have been caused by or brought about by the acts and/or omissions of Interlogistica and, in that event, Austrian shall be entitled to be indemnified and held harmless by Interlogistica for all amounts, including attorney's fees.

51.  If Austrian is held liable to the Plaintiff herein, then, in that event, Austrian is entitled to contribution from Interlogistica in an amount corresponding to the proportion of fault on the part of Interlogistica towards the payment of any judgment which may be entered in favor of the Plaintiff herein.

## AS AND FOR A FOURTH CROSS-CLAIM
## (AGAINST CO-DEFENDANT INTERLOGISTICA)

52.     Repeats and realleges the allegations of Paragraphs 42 through 51 hereof with the same force and affect as if fully set forth herein.

53.     Interlogistica, in its self-acknowledged capacity as agent for the shipper and as a freight forwarder acting under a freight forwarding waybill, was solely responsible for the safety, care and condition of the goods from place of origin in Bulgaria until they were timely delivered to Austrian's cargo facility at London Heathrow.

54.     Upon information and belief, any and all loss or damages (if any) claimed by the Plaintiff and Cross-claimants herein occurred before any of the goods were ever delivered by the shipper and/or shipper's agents, including its freight forwarder Interlogistica, to Austrian's cargo facility at London Heathrow.

55.     Interlogistica, as shipper's agent and as freight forwarder, necessarily assumed any and all legal responsibility for the safety, care, condition and timely delivery of the goods until they arrived at Austrian's cargo facility at London Heathrow.

56.     Any and all loss or damage incurred by the Plaintiff is solely the responsibility of Interlogistica in its capacity as shipper's agent and as freight forwarder.

WHEREFORE, AUSTRIAN AIRLINES, demands judgment dismissing the Cross-claims in their entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, and for judgment in favor of Austrian against co-defendants on its First, Second, Third and Fourth Cross-claims, together with costs and disbursements and such other and further relief which this Court may deem just and proper under the circumstances.

Dated: New York, New York
       March 27, 2008

        HARNIK WILKER & FINKELSTEIN LLP

By: _____
    Ira A. Finkelstein (IF 0827)
    A Member of the Firm

Olympic Tower
645 Fifth Avenue
Suite 703
New York, New York 10022-5937
(212) 599-7575

Attorneys for Defendant Austrian Airlines

TO:
James W. Carbin, Esq.
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ 07102-3889
(973) 424-2000

Counsel for Plaintiff

James P. Krauzlis, Esq.
Badiak & Will, LLP
106 Third Street
Mineola, NY 11501-4404
(516) 877-2225

Counsel for Defendants
Interlogistica, Ltd.
Expeditors International of Washington, Inc.

HARNIK WILKER & FINKELSTEIN LLP
Ira A. Finkelstein (IF 0827)
Stephen M. Harnik (SH 9889)
Olympic Tower
645 Fifth Avenue, Suite 703
New York, New York 10022-5937
(212) 599-7575
finkelstein@harnik.com
Stephen@harnik.com

Attorneys for Defendant
Austrian Airlines

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW & SUZANNE CO., INC., <br> Plaintiff, <br> vs. <br> AUSTRIAN AIRLINES, INTERLOGISTICA LTD., AND EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., <br> Defendants. | 07 cv 10613 (JGK) (MHD) (ECF Case) <br><br> **AFFIDAVIT OF SERVICE** |

State of New York    )
                     ) ss.:
County of New York   )

I, Sarah Claridad, being sworn, say:

I am not a party to the action, am over 18 years of age and reside at 1515 Lexington Avenue, New York, N.Y. 10029.

On the 27th of March, 2008, I serve the within Answer to Crossclaims by depositing a true copy thereof enclosed in a wrapper, into the custody Federal Express for overnight delivery, prior to the latest time designated by that service for overnight delivery, addressed to the following persons at the last known addresses set forth:

James W. Carbin, Esq.
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, NJ 07102-3889
(973) 424-2000

James P. Krauzlis, Esq.
Badiak & Will, LLP
106 Third Street
Mineola, NY 11501-4404
(516) 877-2225

_____
Sarah Claridad

Sworn to before me this
27th day of March, 2008.

_____
Notary IRA A. FINKELSTEIN
Notary Public, State of New York
No. 02FI6019526
Qualified in New York County
Commission Expires February 8, 2011